IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE THOMPSON, | ) |
| Plaintiff, | ) No.: 22-cv-01599-RJC |
| v. | ) Judge Robert J. Colville |
| INTELYCARE, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is the Motion to Dismiss the Second Amended Complaint, or, alternatively, to Strike (ECF No. 48) filed by Defendant, IntelyCare, Inc. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367. The Motion has been fully briefed and is ripe for disposition.

I.  **Factual Background & Procedural History**

Plaintiff filed her Complaint on November 10, 2022 against SSC Wexford Operating Co. LP d/b/a North Hills Health and Rehabilitation and Defendant. ECF No. 1. Plaintiff then filed her Amended Complaint on February 20, 2023, also against SSC Wexford and Defendant. ECF No. 19. On March 6, 2023, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 24) along with its Brief in Support (ECF No. 25). Plaintiff filed her Response (ECF No. 27) on March 14, 2024, and Defendant filed its Reply (ECF No. 28) on March 20, 2024.

Then, on April 28, 2023, Plaintiff filed her Motion for Leave to File a Second Amended Complaint (ECF No. 36) along with her Brief in Support (ECF No. 37). Defendant filed its

1

Response in Opposition on May 8, 2023. ECF No. 39. In her Motion, Plaintiff sought leave to add Defendant to Counts IV, V, and VI of the Amended Complaint.

On September 26, 2023, Plaintiff dismissed, with prejudice, her claims against SSC Wexford. ECF No. 41. On July 2, 2024, this Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint. ECF Nos. 45, 46. Plaintiff filed her Second Amended Complaint on July 3, 2024. ECF No. 47.

In her Second Amended Complaint, Plaintiff alleges that Defendant "is engaged in the business of referring job candidates for direct hire and the placement of temporary personnel at its clients' worksites." Sec. Am. Compl. ¶ 3. Plaintiff, an African American female, alleges that she was "placed into Defendant's employ by Defendant."[1] Sec. Am. Compl. ¶¶ 10-11. Plaintiff alleges that she was subjected to racial discrimination and retaliation during her employment which resulted in her wrongful termination. *Id.* at ¶ 14. Plaintiff additionally alleges that Defendant failed to accurately pay Plaintiff because "Defendant changed Plaintiff's rate of pay without her knowledge." *Id.* at ¶ 15.

Plaintiff alleges that she reported the "racist comments and behavior of her co-workers" to Defendant. *Id.* at ¶ 20. Following her report, Plaintiff alleges her rate of pay was lowered without her knowledge and she reported the problems with her pay to both Defendant and SSC Wexford. *Id.* at ¶¶ 22-23. Plaintiff alleges that she was terminated following her report. *Id.* at ¶ 25. In her

---

[1] The Court understands from Plaintiff's Amended Complaint (ECF No. 19) that Plaintiff was employed by SSC Wexford as a Certified Nursing Assistant and was placed into SSC Wexford's employ by Defendant. Am. Compl. ¶¶ 14-15. The Second Amended Complaint, however, makes no reference to any employment by SSC Wexford, who Plaintiff voluntarily dismissed from the case. The Court notes this because, as currently alleged in the Second Amended Complaint, it is unclear how Defendant placed Plaintiff into Defendant's employ when Defendant is alleged to be in the business of referring job candidates. The Court further notes that, at times, Plaintiff will refer to "IntelyCare" and "Defendant" in the same sentence as though they might be separate entities, *see* Sec. Am. Compl. ¶¶ 11, 20, and it is unclear to the Court who Plaintiff is referring to. For the purpose of resolving the Motion to Dismiss, the Court will accept as true the facts as pled by Plaintiff and, in this respect, will accept her allegations as true, and presume that Defendant refers to IntelyCare.

Second Amended Complaint, Plaintiff brings claims for retaliation under the Fair Labor Standards Act ("FLSA") (Count I), violation of the Pennsylvania Wage Payment and Collection Law ("WPCL") (Count II), and wrongful termination (Count III).

Defendant filed its Motion to Dismiss the Second Amended Complaint, or, in the alternative, to Strike (ECF No. 48) along with its Brief in Support (ECF No. 49) on August 2, 2024. Plaintiff filed her Response in Opposition (ECF No. 51) on August 12, 2024. Defendant filed its Reply on August 19, 2024.

## II.   Legal Standard

### A. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The Third Circuit explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

4

### B. Motion to Strike

With respect to motions to strike, Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa.2002)). "A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion." *Zaloga*, 671 F. Supp. 2d at 633 (citing *Snare & Triest v. Friedman*, 169 F. 1, 6 (3d Cir.1909); *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir.2007)). Motions to strike "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Hay v. Somerset Area Sch. Dist.*, No. 3:16-cv-229, 2017 WL 2829700, at *3 (W.D. Pa. June 29, 2017) (quoting *Tennis v. Ford Motor Co.*, 730 F.Supp.2d 437, 443 (W.D. Pa. 2010)).

### III. Discussion

Defendant asserts that, pursuant to Rule 12(b)(6), Plaintiff's Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. Mot. 1. In the alternative, Defendant argues that, pursuant to Rule 12(f), the Court should strike the impertinent matter contained in paragraphs 14, 16, 17, 18, 19, 20, and 21 of the Second Amended Complaint. *Id.* Plaintiff opposes the Motion.

### A. Motion to Dismiss

Defendant asserts that each of Plaintiff's claims should be dismissed. As to Plaintiff's claim of retaliation under the FLSA, Defendant argues that Plaintiff has failed to "allege that she

engaged in any protected activity under the Act." Br. in Supp. 1. As to Plaintiff's claim for violations of the WPCL, Defendant argues that plaintiff has failed to "allege[] that [Defendant] breached any contractual entitlement to wages." *Id.* Finally, as to Plaintiff's wrongful termination claim, Defendant argues that Plaintiff's claim "fails as a matter of law because there are statutory remedies available to her for the allegedly wrongful actions she challenges—which are violations of the FLSA, WPCL, and Pennsylvania Minimum Wage Act ("PMWA")." *Id.* at 1-2.

   1. **FLSA Retaliation**

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). It mandates that employers "pay one and one-half times the employe[e]'s regular wage for hours worked in excess of forty hours per week[.]" *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014); 29 U.S.C. § 207(a). If an employer fails to compensate its employee for working overtime, the employee can recover under the FLSA if he "prove[s] that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis,* 765 F.3d at 241 (citations omitted).

To further the purpose of the FLSA, "Congress . . . chose to rely on information and complaints received from employees seeking to vindicate rights claimed to have been denied." *Uronis v. Cabot Oil & Gas Corp.*, 49 F.4th 263, 268-69 (3d Cir. 2022) (quoting *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)). "Accordingly, Congress included in the FLSA an antiretaliation provision (at Section 15(a)(3)) to encourage employees to assert their rights without 'fear of economic retaliation [which] might often operate to induce aggrieved employees to quietly accept substandard conditions.'" *Id.* at 269 (quoting *Brock v. Richardson*, 812 F.2d 121, 124 (3d Cir. 1987)).

In order to state a claim for FLSA retaliation, a plaintiff must plead that "(1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action." *Scholly v. JMK Plastering, Inc.*, Civ. A. No. 07-4998, 2008 WL 2579729, at *3 (E.D. Pa. June 25, 2008). As to the first element, Section 15(a)(3) provides that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

In *Kasten v. Saint Gobain Performance Plastics Corp.*, the Supreme Court held that Congress intended the antiretaliation provision to cover oral, as well as written, complaints. *Kasten v. Saint Gobain Performance Plastics Corp.*, 563 U.S. 1, 11 (2011). Similarly, the Third Circuit "has broadly interpreted protected conduct under Section 15(a)(3). *Uronis*, 49 F.4th at 270. "Lodging an internal complaint with one's employer, whether verbally or in writing, may constitute protected activity if it is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection.'" *Eaton v. Commw. Health Sys., Inc.*, 631 F. Supp. 3d 236, 242 (M.D. Pa. 2022) (quoting *Kasten*, 563 U.S. at 14).

Here, Defendant only raises arguments concerning the first element. Specifically, Defendant argues that Plaintiff's allegation that she reported "problems with her pay" to Defendant is not sufficient to put Defendant "on notice that she was alleging a potential FLSA violation." Br. in Supp. 5. Further, Defendant argues that Plaintiff's allegation that she reported that her rate of pay was lowered does not inform Defendant as to whether "Plaintiff was properly paid minimum

7

wage or overtime." Reply 2. Plaintiff argues that these allegations are sufficient to plead that she engaged in protected activity. Resp. in Opp. 7.

The Court agrees with Defendant that Plaintiff has failed to sufficiently plead that she engaged in protected activity. The Second Amended Complaint alleges that "Defendant [] failed to pay Plaintiff accurately and correctly in that Defendant changed Plaintiff's rate of pay without her knowledge." Sec. Am. Compl. ¶ 15. Plaintiff further alleges that following her report of her co-workers' racist comments, she "noticed that her rate of pay was changed" and that it was "significantly lowered, without her knowledge." *Id.* ¶ 22. Lastly, Plaintiff alleges that she "complained about the pay practices of Defendant that were unlawful under the FLSA[;] that she was engaged in "protected conduct" by complaining about the FLSA violations; and that "Defendant did nothing to rectify the wage and hour violations." *Id.* ¶¶ 27-28.

These allegations are insufficient to place Defendant on notice. Specifically, Plaintiff's allegations that she complained that her rate of pay was changed, and specifically, lowered, without her knowledge are inadequate. The Second Amended Complaint is devoid of any allegations that Plaintiff was not paid overtime or minimum wage and therefore, no reasonable person could understand Plaintiff to be asserting rights under the FLSA. *See Szewczyk v. United States Parcel Service, Inc.*, Civil Action No. 19-1109, 2019 WL 5423036, at *7 (E.D. Pa. Oct. 22, 2019) (finding that the plaintiff had failed to allege that he engaged in protected activity when he alleged "that he was not paid for all hours worked" and made no allegations that he did not receive overtime or minimum wage so as to assert rights under the FLSA); *see also Smeltzer v. Eaton Corp.*, Civil Action No. 17-843, 2018 WL 3496948, at *5 (W.D. Pa. July 20, 2018) (finding that the plaintiff had failed to allege that he engaged in protected activity when he "failed to allege [] that he was involved with an FLSA [] proceeding or that he complained to [the defendant] about any FLSA []

violation"). Plaintiff's remaining allegations that the pay practices of Defendant were unlawful and that she was engaged in protected conduct, are conclusory allegations and insufficient to survive the Motion to Dismiss. *See Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 681. Therefore, Plaintiff has failed to allege that she engaged in protected activity and her FLSA retaliation claim is dismissed, without prejudice.

### 2. Violations of the WPCL

"[T]he WPCL provides employees a statutory remedy to recover wages and other benefits that are contractually due to them." *Braun v. Wal–Mart Stores, Inc.*, 24 A.3d 875, 953 (Pa. Super. 2011). The United States Court of Appeals for the Third Circuit, applying Pennsylvania law, has consistently emphasized that the "WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990) (citations omitted); *see also Livi v. Hyatt Hotels Corp.,* 751 F. App'x 208, 212 n.9 (3d Cir. 2018) ("Pennsylvania's WPCL provides a civil remedy for an employee to recover wages to which she is entitled. It does not independently establish an entitlement to any particular wages."); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (following *Weldon* in observing that, while the WPCL provides a remedy, entitlement to compensation must, at a minimum, flow from an implied oral contract, in the absence of a formal agreement). District Courts in the Third Circuit have similarly applied contractual bounds to the availability and extent of recovery under the WPCL. *See, e.g. Livi v. Hyatt Hotels Corp.*, 2017 WL 5128173, at *15 (E.D. Pa. Nov. 6, 2017) (granting summary judgment to the defendant on the WPCL claim because the plaintiff, which had argued it was a third-party beneficiary, could not demonstrate that it had a contractual entitlement to payment for

its services), *aff'd* 751 F. App'x 208 (3d Cir. 2018); *McGuckin v. Brandywine Realty Tr.,* 185 F. Supp. 3d 600, 606 (E.D. Pa. 2016) (holding that a claim under the PWPCL requires an employee to aver "contractual entitlement to compensation from wages and a failure to pay that compensation"); *Lehman v. Legg Mason*, 532 F.Supp.2d 726, 733 (M.D. Pa. 2007) ("Accordingly, a prerequisite for relief under the WPCL is a contract between employee and employer that sets forth their agreement on wages to be paid.").

Thus, to state a plausible WPCL claim, a plaintiff employee must allege facts demonstrating that he or she was deprived of compensation the employee has earned according to the terms of his or her contract with the defendant employer. *Bansept v. G & M Automotive*, 434 F. Supp. 3d 253, 260 (E.D. Pa. 2020); *see also Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa. Super. Ct. 2005) ("To present a [WPCL] wage-payment claim, [the plaintiff] ha[s] to aver that he was contractually entitled to compensation from wages and that he was not paid.").

Here, Defendant argues that Plaintiff has failed to allege that her claim is based upon any contract or agreement with Defendant. Br. in Supp. 6. Specifically, Defendant argues that Plaintiff has failed to plead that "[Defendant] was contractually obligated to pay her, or the manner in which [Defendant] breached such an obligation in failing to timely pay her wages." *Id.* at 7; Reply 3. Plaintiff argues that she has sufficiently alleged facts to support that an implied oral contract existed between the parties. Resp. in Opp. 8.

Plaintiff is correct that, where a written contract does not exist, a plaintiff may "establish the formation of an implied oral contract to recover under the WPCL." *Oxner v. Cliveden Nursing Rehab Ctr. PA, L.P.*, 132 F. Supp. 3d 645, 649 (E.D. Pa. 2015). However, here, Plaintiff has failed to allege sufficient facts to support an implied contract between her and Defendant. The Second Amended Complaint alleges that Defendant placed Plaintiff into Defendant's employ, *see* Sec.

10

Am. Compl. ¶ 11, and it is therefore unclear to the Court, based on the current allegations, how exactly Plaintiff was employed by Defendant, *see* Supra FN 2.  Additionally, Plaintiff only alleges that she was employed by Defendant and that Defendant failed to pay Plaintiff accurately. *Id.* ¶¶ 4, 15.

In light of the above, the Second Amended Complaint fails to allege any facts by which the Court can find that there was an implied contract because there are no allegations detailing Plaintiff's job title, duties, amount of pay, or frequency of pay.  *See Rosario v. First Student Management LLC*, Civil Action No. 15-6478, 2016 WL 4367019, at *8 (E.D. Pa. Aug. 16, 2016) (finding that the "plaintiffs' complaint [wa]s devoid of any allegations establishing an implied oral contract" and that a plaintiff "must set forth more than the mere existence of an employer relationship in order to establish a plausible claim for relief under the WPCL"); *but cf. Schupack v. Marketvision Research, Inc.*, Civil Action No. 16-6233, 2017 WL 2828687, at *3 (E.D. Pa. June 29, 2017) (finding that plaintiff had sufficiently alleged an implied contract when the plaintiff alleged "that she performed market research services for [the defendant] in exchange for payment, invoicing her hours at an hourly rate of $50/hour every two weeks"); *see Gordon v. Maxim Healthcare Services, Inc.*, Civil Action No. 13-7175, 2014 WL 3438007, at * (E.D. Pa. July 15, 2014) (finding that the plaintiff had plead facts to make the existence of an oral contract plausible where the plaintiff alleged "she provided services as a home healthcare aide in exchange for wages to be paid according to a week-long pay period, the payday for which followed in the next week"). As such, Plaintiff has failed to allege that a contractual relationship exists and, as such, her claim for violations of the WPCL is dismissed, without prejudice.

### 3. Wrongful Termination

In the Second Amended Complaint, Plaintiff alleges wrongful termination on the basis that "Defendant's conduct in terminating Plaintiff [wa]s an adverse action, taken in retaliation to frustrate her attempts to exercise the FLSA, []WPCL, and PMWA." Sec. Am. Compl. ¶ 45. In her Response in Opposition, Plaintiff additionally argues that her wrongful termination claim is brought based on Defendant's violations of the Civil Rights Act. Resp. in Opp. 9. The Court acknowledges that Plaintiff has raised allegations of racial discrimination in her Second Amended Complaint, even if they are not directly raised by Plaintiff in detailing her wrongful termination claim. Defendant argues that because each of the wrongs alleged by Plaintiff—here, violations of the FLSA, WPCL, and PMWA[2]—have statutory remedies available, Plaintiff's wrongful termination claim must be dismissed.

Defendant is correct that the Court cannot "entertain a separate common law action for wrongful discharge where specific statutory remedies are available." *Spriggs v. City of Harrisburg*, 679 F. Supp. 3d 144, 155 (M.D. Pa. 2023) (citing *Clay v. Advanced Computer Applications*, 559 A.2d 917 (Pa. 1989)) (dismissing a wrongful discharge claim, with prejudice, based on a finding that the common law wrongful discharge claim was preempted by a more specific statute); *Pierce v. New Process Co.*, 580 F. Supp. 1543, 1546 (W.D. Pa. 1984) (granting summary judgment for the defendant as to a wrongful discharge claim because statutory relief existed. Therefore, the Court will dismiss Plaintiff's wrongful termination claim, with prejudice, because the Court finds that amendment would be futile.

---

[2] Defendant only argues that Plaintiff's wrongful termination claim based on violations of the FLSA, WPCL, and PMWA should be dismissed and raises no specific argument that Plaintiff's wrongful termination claim based on a violation of the Civil Rights Act should be dismissed. *See* Br. in Supp.; *See* Reply. Even so, as explained below, the analysis for determining whether Plaintiff's claim is preempted is the same whether she asserts violations under the FLSA, WPCL, PMWA, or the Civil Rights Act.

### B. Motion to Strike

Because the Court is granting Defendant's Motion to Dismiss, the Court will not address Defendant's Motion to Strike, which was raised in the alternative.

## IV. Conclusion

For the reasons discussed above, the Court will grant Defendant's Motion to Dismiss the Second Amended Complaint as to Counts I and II, without prejudice, and as to Count III, with prejudice. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 7, 2025

cc: All counsel of record